**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **GOOGLE INC.**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**SOURCEPROSE, INC.**<br><br>        **Defendant.** | **Case No. 1:11-cv-00637** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Google Inc. ("Google") alleges as follows:

### I.        NATURE OF THE CASE

1.        Plaintiff seeks a declaratory judgment that U.S. Patent Nos. 7,142,217 ("the '217 patent") and 7,161,604 ("the '604 patent") (collectively, the "Patents-In-Suit") are invalid and are not infringed by Google's Google Maps Mobile.  The relief is necessary because Defendant SourceProse, Inc. ("SourceProse") has sued five major mobile telephone carriers, claiming that they infringe the Patents-In-Suit by selling "smart phone devices that are enabled to display and synchronize map images . . . [and/or] automatically annotate a second map image when a first map is annotated."  Many of the defendants sued by SourceProse are downstream customers of Google.  SourceProse's lawsuit has placed a cloud on Google Maps Mobile, has caused customers to seek relief from Google, and has created a justiciable controversy between Google and SourceProse.

### II.        THE PARTIES

2.        Plaintiff Google Inc. is a Delaware corporation, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94943.

3.        On information and belief, Defendant SourceProse, Inc. is a Texas corporation with its principal place of business in Travis County, Texas.

### III.    JURISDICTION & VENUE

4.      The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331 and 1338(a) because this action arises under the patent laws, and seeks relief under the Federal Declaratory Judgment Act, and on the ground that Google seeks a declaration of its rights against threats of patent infringement litigation made by SourceProse concerning one of Google's products, Google Maps Mobile, in Civil Action 1:11-cv-00117-LY in the U.S. District Court for the Western District of Texas, Austin Division (hereinafter the "Existing SourceProse Action").

5.      Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391 (b) and (c) because SourceProse is a Texas corporation with its principal place of business in this district.

### IV.    THE PATENTS-IN-SUIT

6.      The '217 patent issued to Sourceprose on November 28, 2006.  On its face, the '217 patent identifies the inventors as John Willard Howard, Dan Martin Scott, and Darin Wayne Higgins, all of Texas.

7.      The '604 patent issued to SourceProse on January 9, 2007.  On its face, the '604 patent identifies the inventors as Dan Martin Scott, and Darin Wayne Higgins, all of Texas.  A certificate of correction issued April 3, 2007 inserts John Willard Howard of Texas as an additional inventor for the '604 patent.

8.      Both the '217 and '604 patents arose from continuation applications to U.S. utility patent application number 09/537,192, filed on March 29, 2000.

### V.    SOURCEPROSE'S SUIT AGAINST GOOGLE CUSTOMERS

9.      Google's mission is to organize the world's information and make it universally accessible and useful.  To promote this mission, Google offers a variety of innovative tools and services to customers, including Google Maps Mobile, which allows users to view maps on mobile devices.

10.    SourceProse alleges to own the '217 patent, entitled "System and Method for Synchronizing Raster and Vector Map Images."  A copy of the '217 patent is attached hereto as Exhibit A.

11.    SourceProse alleges to own the '604 patent, entitled "System and Method for Synchronizing Raster and Vector Map Images."  A copy of the '604 patent is attached hereto as Exhibit B.

12.    On February 11, 2011, SourceProse sued five major mobile telephone carriers, many of whom are Google's downstream customers, in the Existing SourceProse Action.

13.    In the Existing SourceProse Action, SourceProse alleges infringement of the Patents-In-Suit based on the named defendants' selling of "smart phone devices that are enabled to display and synchronize map images . . . [and/or] automatically annotate a second map image when a first map is annotated."

14.    More specifically, SourceProse alleges that phones manufactured by "Apple, RIM, Google, HTC, LG, Motorola, Nokia, [Garmin-Asus], Palm, Samsung and others" infringe the Patents-In-Suit.

15.    On information and belief, SourceProse has accused Google Maps Mobile of infringing the Patents-in-Suit.

16.    SourceProse has never directly notified Google that it accuses Google Maps Mobile of infringing the Patents-in-Suit.

17.    In fact, Google Maps Mobile does not infringe the Patents-in-Suit.

18.    Customers of Google have sought indemnity and defense from Google relating to the Existing SourceProse Action.

19.    There is an actual and immediate controversy between Google and SourceProse regarding whether Google's Google Maps Mobile infringes the Patents-In-Suit, and whether the Patents-In-Suit are valid, the resolution of which is necessary in order that Google may avoid wrongful injury to the reputation of its goods in the marketplace and other direct injury suffered from SourceProse's wrongful allegations.

## VI.    FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Patent Invalidity – §§ 35 U.S. C. 101 *et seq.*)

20.    Plaintiff re-alleges and incorporates paragraphs 1 to 19 as if fully set forth herein.

21.    The '217 and '604 Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one of more of **§§** 101, 102, 103, and 112.

22.    The '217 and '604 Patents are invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates the claims.

23.    Plaintiff seeks and is entitled to a declaratory judgment that all claims in the '217 and '604 Patents are invalid.

## VII.    SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

24.    Plaintiff re-alleges and incorporates paragraphs 1 to 23 as if fully set forth herein.

25.    Plaintiff provides Google Maps Mobile to customers.

26.    Defendant has asserted that customers who sell smart phones loaded with Google's Google Maps Mobile infringe the '217 and '604 Patents.

27.    Plaintiff seeks and is entitled to a declaratory judgment that Google Maps Mobile does not infringe any valid claims of the '216 and '604 Patents.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Google, Inc. respectfully requests the Court to enter judgment in their favor and against SourceProse as follows:

A.    For judgment that the '217 and '604 Patents, and each of the claims therein, are invalid;

B.    For judgment that Google's Google Maps Mobile does not infringe any valid claims of the '217 and '604 Patents;

C.    For a preliminary and permanent injunction precluding SourceProse, its officers, directors, employees, agents and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '217 and '604 Patents against customers of Google's Google Maps Mobile;

D.    Find this case exceptional and award Google its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

E.    For such other and further relief as the Court deems just.

Dated: July 26, 2011                    Respectfully submitted,

                                        **BRACEWELL & GIULIANI LLP**

                                        /s/*Alan D. Albright*
                                        Alan D Albright
                                        State Bar No. 00973650
                                        alan.albright@bgllp.com
                                        Michael Chibib
                                        State Bar No. 00793497
                                        michael.chibib@bgllp.com
                                        111 Congress Avenue, Suite 2300
                                        Austin, Texas 78701
                                        Tel: 512-472-7800
                                        Fax: 512-472-9123

                                        Christopher Schenck (*pro hac vice pending*)
                                        chris.schenck@bgllp.com
                                        701 Fifth Avenue, Suite 6200
                                        Seattle, Washington 98104
                                        Tel: 206-204-6200
                                        Fax: 206-204-6262

                                        ***Counsel for Defendant Google, Inc.***